ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
JAMIE U. CHENG, SBN 346543
jamie.cheng@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.
(erroneously named as OLD DOMINION
FREIGHT LINE)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MCCLAIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, a foreign corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Case Cover Sheet; Declaration of Laura Williams; Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1]<br><br>Solano County Superior Court<br>Case No. CU23-00987<br><br>Action Filed:  April 25, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN**

**DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant OLD DOMINION FREIGHT LINE, INC.

(erroneously named as OLD DOMINION FREIGHT LINE) ("Defendant" or "ODFL"), by and

through the undersigned counsel, hereby removes the above-entitled action from the Superior

Court of the State of California for the County of Solano to the United States District Court for

the Eastern District of California pursuant to 28 United States Code §§ 1332(a), 1441(a) and

1446.  This action is removable because this court has diversity jurisdiction over all claims, as

1

there is complete diversity between the parties, and the amount in controversy exceeds $75,000.
In support of such removal, Defendant states as follows:

## I.    PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

1.    On or about April 25, 2023, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of Solano, commencing the action entitled "*Michael McClain v. Old Dominion Freight Line*", Case No.: CU23-00987 ("Complaint").  A true and correct copy of the Complaint is attached as **"Exhibit A"** to this Notice of Removal.  The Plaintiff's Complaint asserts claims for: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in interactive process; (4) retaliation; and (5) wrongful termination in violation of public policy.

2.    Defendant's registered agent for service of process was served with the Complaint on April 28, 2023.  True and correct copies of the documents served on Defendant's registered agent are attached to this Notice as **"Exhibit B."**  On May 25, 2023, Defendant timely filed an answer to Plaintiff's Complaint.  A copy of the Answer is attached as "**Exhibit C.**"

3.    As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 United States Code §§ 1332(a), 1441(a) and 1446, because this matter is between citizens of different states and the amount in controversy is greater than $75,000, as set forth below.

## II.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.    Timeliness of Removal.

4.    This Notice of Removal is timely because it is filed within thirty (30) days from April 28, 2023, the date Defendant was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

### B.    Venue.

5.    In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Solano is located within the Eastern District of California.  Therefore, venue is proper in this

Court pursuant to 28 U.S.C. § 84(d) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

C.    **Procedural Requirements**.

6.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice of Removal.

7.    Pursuant 28 U.S.C. §1446(b), as addressed above, Defendant's Notice of Removal is filed within 30 days after the initial service of the Complaint on Defendant which was completed on April 28, 2023.  (Ex. B.)  Because the 30th day after service is a Sunday (May 28, 2023), the time for Defendant to remove is extended until the next court day, Monday, May 29, 2023.  Fed. R. Civ. Pr. 6(a)(1)(C).  This removal is therefore timely.

8.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Solano and with the Clerk of the Eastern District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

III.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332 AND §1441**

9.    As set forth below, Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. §1332(a) (diversity of citizenship).  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and, therefore, this case is removable to this Court.

A.    **Complete Diversity of Citizenship Requirement is Established**

10.    For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

///

11. Plaintiff alleges that he is a citizen of the State of California. (Complaint ¶ 1.)

12. Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13. Defendant was at the time of the filing of this action, and still is, incorporated under the laws of the State of Virginia.  (Declaration of Laura Williams ["Williams Decl."] ¶ 2). Further, Defendant's principal place of business and the location that its officers direct, control, and coordinate its corporate activities is North Carolina.  (*Id.*)  Therefore, at all material times, Defendant has been a citizen of the State of Virginia and the State of North Carolina, and not a citizen of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

14. There are no other named Defendants in this action.  Accordingly, there is no requirement for anyone else to join in this removal.

15. The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); see also *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered).

16. Because Defendant is a citizen of the State of Virginia and the State of North Carolina, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §§ 1332(a).

///

**IV.    THE AMOUNT IN CONTROVERSEY EXCEEDS AN AGGREGATE OF $75,000.00, EXCLUSIVE OF INTEREST AND COSTS**

17.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205.

18.    Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met"). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C, § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

19.    The United States Supreme Court held that, "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart, supra* 135 S. Ct. at 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

20.    A defendant meets this burden when, as here, a plaintiff alleges on the face of the complaint that damages exceed the requisite amount in controversy. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp, 2d 993, 1001 (CD. Cal. 2002). "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and
///

assum[e that] a jury [will] return a verdict for the plaintiff on all claims made in the complaint.'" *Id*.

21.    Even where there is no amount in controversy alleged in the underlying complaint, the burden is relatively low and a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy").  Such calculations are more than sufficient to establish the amount in controversy.  *See id*. at 986 ("The amount of overtime claims in controversy can ... be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

22.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins.* Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass 'n v. Twin Harbors Lumber Co*., 465 F.2d 489, 491 (9th Cir. 1972).

23.    Plaintiff's Complaint seeks: (a) general damages and special damages; (b) emotional distress; (d) punitive damages; (e) attorneys' fees and expenses; (*See* Ex. A, Complaint).  Considered together, the damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded on his claims if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

///

### A.    Plaintiff's Alleged Lost Wages as of the Date of Removal are Approximately $71,980.00.

24.    Plaintiff alleges he was employed by Defendant in California from approximately April 4, 2018 to February 17, 2023.  (Complaint ¶ 10).  Plaintiff earned $29.50 per hour and was scheduled to work full time at 40 hours per week, or $1,180.00 per week. (Complaint ¶ 11, and Williams Decl. at ¶ 3).

25.    By the date Plaintiff filed the Complaint (April 25, 2023), Plaintiff had not worked for Defendant for approximately 9 weeks.  Given Plaintiff's $1,180.00 per week, he has allegedly lost $10,620.00 as of April 25, 2023.

26.    The trial of this case will likely not occur before April 2024 (i.e., at least one year after the date that Plaintiff filed the Complaint in the State Court Action).  Thus, by the time of trial, Plaintiff will likely seek at least an additional 52 weeks of back pay in the amount of $61,360.00.

27.    When the back pay that Plaintiff seeks from the date of his approximate February 17, 2023 employment termination to the April 25, 2023 filing of his Complaint is combined with the additional 52 weeks of back pay that Plaintiff will seek from the time of the filing of his Complaint through the estimated April, 2024 trial in this action, the total back pay alone that Plaintiff will likely seek at trial is likely to be at least $71,980.00.

### B.    Plaintiff's Potential Front Pay Claim Will Likely Exceed $61,360.00.

28.    In addition to Plaintiff's potential back pay, front pay awards in California frequently span a number of years. *See Hope v. California Youth Auth*., 134 Cal. App. 4th 577, 594 (2005) (in harassment, retaliation, and discrimination action, court upheld front pay award compensating plaintiff until retirement age); *Horsford v. Board of Trustees of California State University,* 132 Cal. App. 4th 359, 389 (2005) (in a retaliation, discrimination, and wrongful termination action brought by three plaintiffs, the court upheld a front pay award that compensated one of the plaintiffs for two years); *accord Traxler v. Multnomah Cty*., 596 F.3d 1007, 1015 (9th. Cir. 2010) (affirming front pay award of "$267,000, which represents almost three years of salary and benefits or nearly four years of salary" in FMLA action).  Like the

plaintiffs in *Hope* and *Horsford*, Plaintiff alleges that he was retaliated against and wrongfully terminated from his employment by Defendant in violation of Government Code Sections 12940(k) and 12945.2. Therefore, and in recognition that Plaintiff will likely seek front pay damages for at least the one year period immediately following trial, the amount of future wages in controversy adds at least an additional $61,360.00 to the amount in controversy in this action.

### C.   Plaintiff's Potential Emotional Distress Damages Far Exceed $75,000.00.

29.    Plaintiff also alleges that he suffered emotional distress as a result of Defendant's alleged conduct, and seeks damages for such emotional injury. (Complaint, ¶¶ 24, 29, 36, 42, 49, 55). While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this court from noting these damages are potentially substantial." *Richmond v. Allstate Ins, Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). A review of jury verdicts in California demonstrates that emotional distress awards in cases alleging the causes of action Plaintiff alleges here commonly exceed $75,000. (*See* Ex. A.) The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold:

- *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) ($300,000 for non-economic damages where plaintiff alleged her disability restrictions were not accommodated by employer);

- *Leggins v. Rite Aid Corporation,* et al., No. BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Super. Ct.) ($2,500,000 for past and future pain and suffering in age and disability discrimination and harassment case where the plaintiff claimed he was terminated in retaliation for his disability and complaints of harassment and discrimination);

- *Palma v. Rite Aid Corp*., 2012 WL 3541952 (Los Angeles County Super. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case);

///

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

- *Ismen v. Beverly Hospital*, 2008 WL 4056258 (Los Angeles County Super. Ct.) ($113,100 for emotional distress where plaintiff alleged disability discrimination when employer represented it could not accommodate restrictions);

- *Mnaskanian v. 21st Century Ins*, Co., 2006 WL 2044625 (Los Angeles County Super. Ct.) ($300,000 for non-economic damages where plaintiff claimed employer failed to accommodate her physical disability);

- *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Super. Ct.) ($300,000 for non-economic damages where plaintiff alleged employer failed to engage in interactive process or accommodate permanent restrictions);

- *Lopez v. Bimbo Bakeries USA, Inc*., No. CGC-05-445104, 2007 WL 1765192 (San Francisco County Super. Ct.) (awarding $2,340,700 to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave);

- *Cal. Dep't of Fair Employment and Housing v. County of Riverside,* 2003 WL 24304125 (Riverside County Super. Ct.) ($300,000 for non- economic damages where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation);

- *Cosby v. Autozone, Inc.* 2010 WL 1012678 (ED. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability);

- *Pirouzkar v. Regents of the University of California,* 2002 WL 31414996 (Los Angeles County Super. Ct). (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge);

- *Izaguirre vs. International Coffee & Tea* LLC, 2013 WL 6624243 (Los Angeles County Super. Ct.) ($85,000 for noneconomic damages where plaintiff alleged she was required to return to work after the expiration of her 12 week FMLA leave and denied further accommodation) and;

///

///

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

- *Shay v. TG Construction, Inc.,* 2002 WL 31415020 (Ventura County Super. Ct.) ($137,500 for pain and suffering in disability discrimination case where plaintiff terminated after he returned to work with crutches).

30.     Plaintiff's allegation that Defendant terminated his employment due to a purported disability is similar to the factual and legal issues raised in the cases above.  Plaintiff's allegation that he suffered retaliation for seeking reasonable accommodation for his purported disability is also similar to the allegations in the cases above.  When measured in light of the allegations and damages awarded in the cases cited above, even from a conservatively measured standpoint, Plaintiff's claim of emotional distress damages alone places at least $75,000 in controversy.

### D.     Plaintiff Claims Entitlement to Punitive Damages

31.     In addition to the damages discussed above, Plaintiff seeks punitive damages. (Complaint, ¶¶ 30, 37, 43, 50, 56).  The Court must consider each Plaintiff's request for punitive damages in determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass 'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins*. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).  For amount in controversy purposes, the court must conclude that Plaintiff will prevail on his claim for punitive damages.  *See Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

32.     Punitive damages may be substantial and in some cases even exceed the amount of compensatory damages.  *See Carter v. CB Richard Ellis,* 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).  In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases.  *See, e.g., Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*, No.

1   BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Sup. Ct.) (awarding

2   $5,000,000 in punitive damages in case involving claims of age, disability and race harassment,

3   discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo*

4   *Bakeries USA, Inc.,* No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007)

5   (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her

6   disability leave).

7       33.      Further, in *State Farm Mut. Automobile Ins. Co. v, Campbell*, 538 U.S. 408

8   (2004), the United States Supreme Court held that the longstanding historical practice of setting

9   punitive damages at two, three, or four times the size of compensatory damages, while "not

10  binding," is "instructive," and that "single-digit multipliers are more likely to comport with due

11  process."

12      34.      Here, Plaintiff is alleging that Defendant discriminated and retaliated against him

13  based on actual or perceived disability and wrongfully terminated his employment.  Therefore, in

14  addition to Plaintiff's special and general damages discussed above, and, again, even from a

15  conservatively measured standpoint, each of Plaintiffs causes of action demonstrate that the

16  amount in controversy exceeds $75,000—even though Defendant has a legitimate non-

17  discriminatory reason for its actions and defenses.  *See Haase v. Aerodynamics Inc*., No. 2:09-

18  cv-01751-MCE- GGH, 2009 WL 3368519, at *3-4 (RD. Cal. 2009) (finding that even a

19  minimum award of punitive damages would satisfy the jurisdictional requirement).

20      **E.      It is More Likely Than Not That Attorneys' Fees For Bringing its**
         **Employment Claims To Trial Will Exceed $75,000.00.**
21

22      35.      Plaintiff seeks an award of attorneys' fees.  (Complaint, ¶¶ 31, 38, 44, 51).

23  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of

24  removal on grounds of diversity jurisdiction.  *Galt G/S,* 142 F.3d at 1156 (claims for statutory

25  attorneys' fees to be included in amount in controversy, regardless of whether such an award is

26  discretionary or mandatory); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are

27  expressly authorized by statute, such fees may be included in determining the amount in

28  controversy").

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

36. The Court must consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *See Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.");

37. In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (ND. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); *see also Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 060V05356 (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case). "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Fristsch*, 899 F.3d at 795 (internal quotation marks and citation omitted).

38. Thus, Defendant conservatively estimates that Plaintiff's attorneys' fees to prosecute his employment causes of action are likely to cause Plaintiff's alleged damages to far exceed the jurisdictional minimum of $75,000.

**F.    The Amount in Controversy Exceeds $75,000.00.**

39. In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Haase v. Aerodynamics Inc.,* 2009 WL 3368519, at *3 (E.D. Cal. Oct. 19, 2009) (where plaintiff has chosen to seek specific damages under each cause of action, damages sought under each cause of action may be aggregated). Plaintiff's potential emotional distress damages, punitive damages, and attorney fees demonstrate that the amount at issue in this lawsuit exceeds the minimum $75,000 required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g*, 102 F.3d 398 (9th Cir. 1996). Since diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy between the parties is

in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).

**V.   <u>PRAYER FOR REMOVAL</u>**

40.     This action is removable to federal court because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction.  This Court is therefore vested with subject matter jurisdiction over this matter and this action is removable to this Court for these reasons under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.  Accordingly, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Solano, to the United States District Court of the Eastern District of California.  In the event this Court questions the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

WHEREFORE, Defendant OLD DOMINION FREIGHT LINE, INC.  removes this action to this Court.

DATED:  May 26, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  _____
Anthony J. DeCristoforo
Jamie U. Cheng

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.
(erroneously named as OLD DOMINION
FREIGHT LINE)

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT